1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

GEORGE S. ANDERSON, a single man,

           Plaintiff,

     v.

PARAGON WAY, INC., a Texas
Corporation; And COLLINS
RECEIVABLES, LLC, a Texas
Corporation.

           Defendant.

NO.

PLAINTIFF'S COMPLAINT FOR
VIOLATION OF FAIR DEBT
COLLECTION PRACTICES ACT,
INTER ALIA

COMES NOW, Plaintiff, GEORGE S. ANDERSON, by and through his counsel, DEANNA L. JOHNSON, and complains against the Defendant as follows:

### I.    STATEMENT OF THE CASE

This case involves the Defendant's blatant and unconscionable violations of the Fair Debt Collection Practices Act and the Washington State Consumer Protection Act.

Plaintiff, Mr. Anderson, works as a self-employed flooring contractor. The original creditor of the debt alleged in this matter is Check Into Cash. The debt was subsequently sold, assigned, or transferred to Collins Receivables, LLC (hereinafter "Collins") for collection. Collins is not a licensed collection agency or debt collector in the State of Washington. In an attempt to evade Washington licensing requirements, this account was transferred, sold, assigned, or otherwise conveyed to Paragon Way, Inc. (hereinafter "Paragon") for collection.

COMPLAINT              Page 1 of 18

**WENGER & ASSOCIATES P.S.**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

1    Mr. Anderson paid the debt in full twice, the first time on June 28, 2006, and the

2    second time on April 24, 2007, in response to Paragon's continued demands. Despite Mr.

3    Anderson's efforts to pay and settle this matter, the Defendants continue to make attempts to

4    collect on the same debt for the third time. Each collection attempt bears the same account

5    number but each time alleges a different amount due. Most recently, Mr. Anderson received a

6    letter from the Defendant, which was dated May 8, 2008, implying that a cause of action exists

7    against him and offering to "help out" Mr. Anderson by offering him a discount on this same

     debt, if Mr. Anderson would settle by May 31, 2008. (Copy attached as exhibit A).

8    Defendant's dunning letter is in violation of the Fair Debt Collections Practices Act

9    where it did not contain the required statutory language informing Mr. Anderson of his right to

10   dispute the debt, and where the language overshadows Mr. Anderson's statutory right to

11   dispute the debt within 30 days, and where the letter misrepresents the legal status, character

12   and amount of the debt, and where the aforementioned violations represent an unfair,

13   deceptive, and unconscionable practice in violation of the statute as codified in 15 U.S.C.

14   §1692 et seq.

15   Defendant Paragon has violated the Telephone Consumer Protection Act, 47 U.S.C.

16   227(b) by contacting Mr. Anderson's cellular telephone using an automated dialing system for

     purposes of collecting this alleged debt. Mr. Anderson has been contacted more than five

17   times in the last twelve (12) months. Paragon made these phone calls in an attempt to collect a

18   debt allegedly owed to Collins.

19   On information and belief, Defendant Collins Receivables, LLC, (hereinafter "Collins")

20   purchased the debt from Check Into Cash and has paid Defendant Paragon Way to collect the

     debt. Defendant Collins is not a licensed debt collector in the State of Washington. Defendant

21   Collins regularly purchases accounts for the purpose of collecting debts. Defendant Collins is

22   therefore, a debt collector as defined by the FDCPA. Their attempts to evade Washington law

23   requiring debt collectors to be licensed within the State by going through another collection

24   agency is in direct violation of the Washington Collection Agency Act.

25
26   COMPLAINT                  Page 2 of 18        **WENGER & ASSOCIATES P.S.**
                                                    **107 N. Tower, #11**
                                                    **Centralia, WA 98531**
                                                    **Phone: 360-623-1060**
                                                    **Fax: 360-623-1059**

## II.    PARTIES

2.1    Plaintiff, GEORGE S. ANDERSON, (hereinafter "Mr. Anderson") is a resident of Lewis County, Washington.

2.2    Mr. Anderson is therefore a "debtor" and a "consumer" as defined by the FDCPA, and he acted as a "debtor" and "consumer" at all times relevant to this litigation.

2.3    Defendant, PARAGON WAY, INC., (hereinafter "PARAGON") is incorporated in and has its principal place of business in Austin, Texas.

2.4    Defendant, PARAGON, is a licensed collection agency in the State of Washington.

2.5    Defendant PARAGON regularly attempts to collect debts on behalf of their client, Check Into Cash and Defendant Collins Receivables, LLC.

2.6    Defendant PARAGON is therefore a "debt collector" as defined by the FDCPA.

2.7    Defendant PARAGON made attempts to collect the subject debt from Mr. Anderson on behalf of the original creditor and listed current creditor Collins Receivables, LLC.

2.8    Defendant COLLINS RECEIVABLES, LLC (hereinafter "COLLINS") is incorporated in and has its principal place of business in Austin, Texas.

2.9    Defendant COLLINS regularly attempts to collect debts on behalf of their client, Check Into Cash.

2.10    Defendant COLLINS is not a licensed collection agency in the State of Washington.

2.11    Defendant COLLINS is listed as the "Current Creditor" on Defendant PARAGON's correspondence.

2.12    Defendant COLLINS has therefore made attempts to collect the subject debt from Mr. Anderson on behalf of the original creditor through a "straw man", named Defendant PARAGON.

2.13    Defendant COLLINS is a "debt collector" as defined by the FDCPA.

COMPLAINT                                Page 3 of 18                                **WENGER & ASSOCIATES P.S.**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in the United States District Court, Western District of Washington, are appropriate where this dispute involves predominant issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to Plaintiff occurred in this district, and where Plaintiff is a resident of this district, and where the Defendant engages in substantial business in this district, and where Defendant has already availed himself of the courts in this district by threatening to file a lawsuit against Plaintiff in this district. (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

3.2    Defendant is liable unto Mr. Anderson pursuant to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq., Telephone Consumer Protection Act, 47 U.S.C. §226, et. seq., as well as other applicable state and federal laws, which claims may be brought under this Court's supplemental jurisdiction.

## IV.    FACTS

4.1    Each Defendant is a "debt collector" as defined by the Fair Debt Collection Practices Act (FDCPA), and Defendant acted as a debt collector at all times pertinent to this action.

4.2    Mr. Anderson is a "debtor" and "consumer" as defined by the FDCPA, and acted as a debtor/consumer at all times pertinent to this action.

4.3    The debt at the heart of this litigation is a "consumer debt" as defined by the FDCPA.

4.4    Mr. Anderson paid the debt Defendants alleged he owed to Check Into Cash, in full on June 28, 2006, in the amount of $621.00, by using the Defendant's online payment processor, Its Pay My Bill, at www.paymybill.com.

COMPLAINT                          Page 4 of 18                **WENGER & ASSOCIATES P.S.**
                                                              **107 N. Tower, #11**
                                                              **Centralia, WA 98531**
                                                              **Phone: 360-623-1060**
                                                              **Fax: 360-623-1059**

4.5    In response to the Defendants' continued collection demands and the threat of a negative credit reporting, Mr. Anderson paid this same bill again, in the amount of $735.00, using the same online payment processor, Its Pay My Bill, at www.paymybill.com, on April 24, 2007.    Mr. Anderson was told by Defendant PARAGON that if he paid this bill, then it would not go on his credit report.

4.6    Despite Mr. Anderson's efforts to pay and settle this matter, the Defendants continue to make attempts to collect on the same debt, bearing the same account number but each time alleging a different amount due.

4.7    Defendant PARAGON used an automated telephone dialing system to contact Mr. Anderson's cellular telephone in its attempts to collect the alleged debt.

4.8    Defendant PARAGON does not and did not have an established business relationship with Mr. Anderson, all contacts were at all times made for the purpose of collecting a consumer debt.

4.9    Defendant PARAGON's telephone solicitations were not made with Mr. Anderson's prior express invitation or permission.

4.10    Defendant PARAGON is not a tax exempt nonprofit organization.

4.11    Nevertheless, Defendants mailed Mr. Anderson a letter dated May 8, 2008, offering to "help out" Mr. Anderson by offering him a discount on this same debt Mr. Anderson had already paid, twice, if he would settle (and pay again for the third time) by May 31, 2008. (*Exhibit A*).

4.12    Defendants' dunning letter stated, in pertinent part: "Now that your tax rebate check will be arriving soon, you have the opportunity to take care of this account once and for all.    To help you out, we're offering you a discount of $287.50 on the above-referenced

WENGER & ASSOCIATES P.S.
107 N. Tower, #11
Centralia, WA 98531
Phone: 360-623-1060
Fax: 360-623-1059

1

2

account if you settle by 05/31/2008.  We are under no obligation to offer this settlement offer in the future."

3

4.13    Defendants' dunning letter indicated that the amount of the debt was $575.00.

4

5

6

4.14    Defendants' dunning letter did not state that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

7

8

4.15    In fact, the only time period mentioned in the letter was to send in payment by 05/31/2008.

9

10

11

12

13

4.16    Defendants' dunning letter did not contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

14

15

16

17

4.17    Defendants' dunning letter did not contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor.

18

19

20

21

4.18    Defendant Paragon Way has attempted to contact Mr. Anderson on his cellular telephone on several occasions, including but not limited to, February 14, 2008, March 6, 2008, March 13, 2008, March 14, 2008, and March 28, 2008, April 30, 2008, and May 7, 2008.

22

23

24

4.19    As a result of Defendant Paragon's attempts to collect a debt by contacting Mr. Anderson on his cellular telephone, Defendant Paragon has caused charges to be incurred by Mr. Anderson associated with Defendant's collection attempts.

25

26

COMPLAINT

WENGER & ASSOCIATES P.S.
107 N. Tower, #11
Centralia, WA 98531
Phone: 360-623-1060
Fax: 360-623-1059

4.20    As a result of Defendant's conduct, Mr. Anderson has suffered sleepless nights, anxiety, headaches, frustration, depression, decreased productivity, and other emotional distress.

4.21    As a result of Defendant's conduct, Mr. Anderson's reputation was damaged where his consumer reports with TransUnion, and CBA Information Solutions contained negative credit reportings indicating that Mr. Anderson had unpaid collection accounts.

4.22    Mr. Anderson's reputation has been irreparably damaged by Defendant's letter.

4.23    Defendant's actions are a direct and proximate cause of Mr. Anderson's injuries.

## V.    FIRST CAUSE OF ACTION
### Fair Debt Collection Practices Act Violation
### (Application of the Statute)

5.1    Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." (See 15 U.S.C. §1692a(3)).

5.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." (See 15 U.S.C. §1692a(5)).

5.4    Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (See 15 U.S.C. §1692a(6)).

COMPLAINT                          Page 7 of 18                    **WENGER & ASSOCIATES P.S.**
                                                                  **107 N. Tower, #11**
                                                                  **Centralia, WA 98531**
                                                                  **Phone: 360-623-1060**
                                                                  **Fax: 360-623-1059**

5.5    Therefore, the FDCPA applies to this case where Defendants alleged that Mr. Anderson is obligated to pay a debt; and where Mr. Anderson is a "consumer" and "debtor," and where the debt at issue arises out of a transaction in which the services are primarily for personal, family, or household purposes, and where the volume of collection letters/cases handled by each Defendant makes him a "debt collector."

## VI.    SECOND CAUSE OF ACTION
### Fair Debt Collection Practices Act Violation
### ("g" Violation and False Representation)

6.1    Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2    The Fair Debt Collection Practices Act (FDCPA) states:

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing − 1) the amount of the debt;...3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; 4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and...."

(See 15 U.S.C. §1692g(1)(2) and (4)).

6.3    It is a violation of the FDCPA to include language in the original communication with the debtor which "overshadows" the "g notice." (See Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222 (9th Cir. 1988).

6.4    Finally, the FDCPA states that: "...any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person...." (See 15 U.S.C. §1692k(a)).

WENGER & ASSOCIATES P.S.
107 N. Tower, #11
Centralia, WA 98531
Phone: 360-623-1060
Fax: 360-623-1059

6.5 In this case, Defendant mailed a dunning letter to Mr. Anderson which stated: "Now that your tax rebate check will be arriving soon, you have the opportunity to take care of this account once and for all.  To help you out, we're offering you a discount of $287.50 on the above-referenced account if you settle by 05/31/2008.  We are under no obligation to offer this settlement offer in the future." (See Exhibit A).

6.6 Defendant's dunning letter did not contain the required "g" notice.

6.7 Defendant's letter also did not contain the "debtor's Miranda warning" found in section "(e)(11)" of the statute.

6.8 Moreover, the timing language in Defendant's dunning letter to Mr. Anderson overshadowed the mandatory language of the statute as well as Mr. Anderson's right to be warned of the "attempt to collect a debt and any information obtained will be used for that purpose" and his right to dispute the debt within 30 days.

6.9 Therefore, Defendant violated sections "g" and "e" of the statute and made false, deceptive, and misleading representations where Defendant failed to provide the appropriate notices to Mr. Anderson, especially where the language of Defendant's dunning letter overshadowed the required notices.

6.10 Mr. Anderson was injured by Defendant's actions.

6.11 Defendant's actions were a direct and proximate cause of Mr. Anderson's injuries and damages.

## VII.    THIRD CAUSE OF ACTION
Fair Debt Collection Practices Act Violation
("e" Violation and Misrepresentation)

7.1 Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2 The Fair Debt Collection Practices Act (FDCPA) states in pertinent part that:

WENGER & ASSOCIATES P.S.
107 N. Tower, #11
Centralia, WA 98531
Phone: 360-623-1060
Fax: 360-623-1059

1

"A debt collector may not use any false, deceptive, or misleading representation

2

or means in connection with the collection of any debt."

3

15 USCS § <u>1692e</u>.

4

7.3     The act further states that the following conduct is a violation of section 1692e: "The

5

false representation of the character, amount, or legal status of a debt...."

6

15 U.S.C. §<u>1692e(2)</u>.

7

7.4     The act further states that the following conduct is a violation of section 1692e:

8

"The threat to take any action that cannot legally be taken or that is not intended to be

9

taken."

10

15 U.S.C. § <u>1692e(5)</u>

11

7.5     The act further states that the following conduct is a violation of section 1692e:

12

"The use of any false representation or deceptive means to collect or attempt to collect

13

any debt or to obtain information concerning a consumer."

14

15 U.S.C. § <u>1692e(10)</u>.

15

7.6     In this case, Defendant sent Mr. Anderson a dunning letter threatening to take action

16

which cannot legally be taken, inferring "settlement", "negotiated settlement", and

17

"release of claim" as though some legal process would follow on an invalid and

18

erroneous debt, a debt which could never support a lawsuit.  (<u>Ex. A</u>).

19

7.7     Defendant's dunning letter also contains an indirect threat of credit bureau reporting

20

which Defendants would "agree to update" as though some credit reporting had been

21

made to enforce an invalid and erroneous debt, a debt which could not have been

22

reported to the credit bureaus as an obligation which is currently due and owing.

23

Further, Defendants should have updated the credit bureaus the first time the debt was

24

paid in full on June 28, 2006.

25

26

COMPLAINT                          Page 10 of 18             **WENGER & ASSOCIATES P.S.**
                                                             **107 N. Tower, #11**
                                                             **Centralia, WA 98531**
                                                             **Phone: 360-623-1060**
                                                             **Fax: 360-623-1059**

7.8    Defendant's dunning letter also did not include the 15 U.S.C. §1692g notification and the 15 U.S.C. §1692e(11) "Miranda" notification.

7.9    Defendant therefore violated the statute by falsely representing the character, amount and legal status of the subject debt where the debt was not valid and where Defendant had no legal right to file suit upon the debt as impliedly threatened in the letter to Mr. Anderson.

7.10    Defendant therefore violated the statute by threatening to take legal action which could not legally be taken where the debt was invalid and where the Defendant could not have filed a lawsuit based on this invalid and erroneous debt.

7.11    Defendant therefore violated the statute by threatening to not remove or update the national credit bureaus if the alleged debt was not paid, and where there is no statutory or contractual basis to substantiate such a threat against Mr. Anderson.

7.12    Defendant therefore violated the statute by the use of false representations and deceptive means to attempt to collect the subject debt where Defendant asserted in his dunning letter that this was a valid debt when in fact it was not, and where Defendant failed to include the statutory warnings required by 15 U.S.C. §1692e(11), which amounts to a per se false representation and deceptive act.

7.13    Mr. Anderson was injured by Defendant's actions.

7.14    Defendant's actions were a direct and proximate cause of Mr. Anderson's damages.

### VIII.   FOURTH CAUSE OF ACTION
Fair Debt Collection Practices Act Violation
(Unfair Practices)

8.1    Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

COMPLAINT                          Page 11 of 18            **WENGER & ASSOCIATES P.S.**
                                                            **107 N. Tower, #11**
                                                            **Centralia, WA 98531**
                                                            **Phone: 360-623-1060**
                                                            **Fax: 360-623-1059**

8.2  The Fair Debt Collection Practices Act (FDCPA) states that: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

8.3  The act further states that it is an unfair act to collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (See 15 U.S.C. §1692f(1)).

8.4  In this case, Defendant' impliedly threatened to sue Mr. Anderson, by using language which would indicate to the unsophisticated consumer that a lawsuit would be pending if Mr. Anderson did not agree to some "settlement" or "negotiated settlement" resulting in their filing a "release of claim". (Ex. A).

8.5  Defendant had no legal or contractual basis for such a threat or demand.

8.6  Defendant therefore violated the statute where Defendant impliedly threatened to sue Mr. Anderson where such amounts were not expressly authorized by the agreement creating the debt or permitted by law.

8.7  Mr. Anderson suffered injury as a result of Defendant's actions.

8.8  Defendant's actions are a direct and proximate cause of Mr. Anderson's damages.

## IX.     FIFTH CAUSE OF ACTION
Violation of RCW 19.86 et seq.

9.1  Plaintiff re-alleges paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2  The Washington State Consumer Protection Act prohibits unfair and deceptive acts or practices committed in the course of commerce or trade. (See RCW 19.86.020).

9.3  Mr. Anderson is a "consumer" as defined by the act.

9.4  Each Defendant is a "business" as defined by the act.

9.5    Each of Defendant's actions occurred in the course of trade or commerce as defined by the act.

9.6    Mr. Anderson was injured in his property by Defendant's actions, especially where Mr. Anderson's reputation has been irreparably damaged.

9.7    Defendant's unfair and deceptive acts/practices described in the above sections of this complaint, which were in violation of the Fair Debt Collection Practices Act, are also considered unfair and deceptive acts or practices in violation of the Washington State Consumer Protection Act.    (See RCW 19.86.920 stating in pertinent part: "The legislature hereby declares that the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the legislature that, in construing this act, the courts be guided by final decisions of the federal courts and final orders of the federal trade commission interpreting the various federal statutes dealing with the same or similar matters.... To this end this act shall be liberally construed that its beneficial purposes may be served.").

9.8    Defendant's actions therefore violated RCW 19.86 et seq.

9.9    Mr. Anderson was injured by Defendant's actions.

9.10   Defendant's actions are a direct and proximate cause of Mr. Anderson's injuries.

## X.    SIXTH CAUSE OF ACTION
Telephone Consumer Protection Act Violation

10.1   Plaintiff re-alleges paragraphs 1 through 9, inclusive as though fully set forth herein.

10.2   The Telephone Consumer Protection Act prohibits any person within the United States from making a call using an automated telephonic dialing system or an artificial

COMPLAINT                    Page 13 of 18          **WENGER & ASSOCIATES P.S.**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

prerecorded voice to any telephone number assigned to a cellular telephone or any service for which the party is charged for the call. 47 U.S.C. 227(b)(1).

10.3 The Telephone Consumer Protection Act creates a private right of action for any person who has received more than one telephone call within any 12 month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C. 227(b).

10.4 In this case, Defendant PARAGON contacted Mr. Anderson, using an automated telephonic dialing system or an artificial prerecorded voice to the telephone number assigned to his cellular telephone.

10.5 Defendant PARAGON contacted Mr. Anderson on more than one occasion in the last 12 month period, including but not limited to, February 14, 2008, March 6, 2008, March 13, 2008, March 14, 2008, and March 28, 2008, April 30, 2008, and May 7, 2008.

10.6 These phone calls were made by PARAGON on behalf of COLLINS.

10.7 Neither Defendant had an established business relationship with Mr. Anderson.

10.8 Neither Defendant had Mr. Anderson's prior express invitation or permission to make such calls to his cellular telephone.

10.9 Neither Defendant is a tax exempt nonprofit organization.

10.10 Both Defendants willfully and knowingly violated the Telephone Consumer Protection Act.

10.11 Both Defendants' conduct establishes that they have not implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the Telephone Consumer Protection Act.

10.12 Both Defendants' actions therefore violated 47 U.S.C. 227(b), entitling Mr. Anderson to a private right of action under 47 U.S.C. 227(b)(3) and 47 U.S.C. 227(b)(5).

10.13 Mr. Anderson was injured by Defendants' actions.

10.14 Defendant's actions are a direct and proximate cause of Mr. Anderson's injuries.

## XI.    SEVENTH CAUSE OF ACTION
### Violation of Washington Collection Agency Act

11.1 Plaintiff re-alleges paragraphs 1 through 10, inclusive as though fully set forth herein.

11.2 The Washington State Collection Agency Act prohibits a person from acting or assuming to act as a collection agency or out-of-state collection agency without first having applied for and obtained a license from the director. (See RCW 19.16.110).

11.3 As previously stated, Mr. Anderson is a consumer as defined by the FDCPA.

11.4 Defendant COLLINS indirectly engages in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due Check Into Cash.

11.5 In attempting to collect, Defendant COLLINS has used Defendant PARAGON to effectuate the collection of its account by means of intrastate communications, including telephone and mail solicitations.

11.6 Defendant COLLINS' activities within this state are limited to collecting debts from Washington State consumers  and is a debt collector as defined by the FDCPA 15 U.S.C. 1692(a)(6).

11.7 Defendant COLLINS is not a resident of the State of Washington, in violation of RCW 19.16.120(1).

11.8 Defendant COLLINS is an out-of-state collection agency as defined under the Act.

COMPLAINT                          Page 15 of 18              **WENGER & ASSOCIATES P.S.**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

11.9    Defendant COLLINS has not obtained a license to act as a collection agency in the State of Washington.

11.10   Defendant COLLINS has failed to comply with the licensing provisions of the Act under RCW 19.16.110 requiring a collection agency to be licensed as such in the State of Washington.

11.11   Two years have not elapsed since the occurrence of said violation and noncompliance.

11.12   Defendant PARAGON has directly aided and abetted this violation by acting as the "straw man" through which COLLINS collects debts from consumers in the State of Washington in violation of RCW 19.16.250(1).

11.13   Defendant PARAGON sent to Mr. Anderson a notice which represents or implies that a claim exists without indicating the following as required under RCW 19.16.250(8)(a) in clear and legible type the name of the licensee and the city, street, and number at which he is licensed to do business in violation of RCW 19.16.250(8)(a).

11.14   When collecting a different amount than indicated in PARAGON's first notice to Mr. Anderson, PARAGON violated the provisions under RCW 19.16.250(8)(c) by failing to include an itemization of the claim asserted including (i) the amount owing on the original obligation at the time it was received by PARAGON for collection or by assignment, (ii) interest or service charges, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, (iii) failed to provide upon written request this information to the debtor, (iv) failed to account for any interst or service charge, if any, added by PARAGON after the obligation was received by them for collection, (v) failed to account for collection costs, if any, that they are attempting to collect, (vi) failed to account for attorneys' fees, if any, that PARAGON is attempting

WENGER & ASSOCIATES P.S.
107 N. Tower, #11
Centralia, WA 98531
Phone: 360-623-1060
Fax: 360-623-1059

to collect on its behalf or on behalf of a customer or assignor, and (vii) failed to account for any other charge or fee that PARAGON is attempting to collect on its own behalf or on behalf of a customer or assignor.

11.15 Violations of RCW 19.16.110 and 19.16.250 are per se unfair and deceptive trade practices under RCW 19.86. See RCW 19.16.440.

11.16 Defendant's actions therefore violated RCW 19.16 et seq.

11.17 Defendant's actions therefore violated RCW 19.86 et seq.

11.18 Mr. Anderson was injured by Defendant's actions.

11.19 Defendant's actions are a direct and proximate cause of Mr. Anderson's injuries.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendant as follows:

A.   For actual and compensatory damages in the amount of $100,000.00,

B.   For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692 et seq.,

C.   For incidental and consequential damages in an amount to be proven at trial,

D.   For treble the above damages in the amount of $10,000 pursuant to RCW 19.86 et seq.,

E.   For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et seq. and RCW 19.86 et seq.,

F.   For an injunction preventing Defendant from ever again mailing a dunning letter to a debtor in the state of Washington without including a "g notice" and the "debtor's Miranda warning,"

COMPLAINT                         Page 17 of 18               **WENGER & ASSOCIATES P.S.**
                                                             **107 N. Tower, #11**
                                                             **Centralia, WA 98531**
                                                             **Phone: 360-623-1060**
                                                             **Fax: 360-623-1059**

G.    For an injunction preventing Defendant from ever contacting Mr. Anderson again for any reason,

H.    For an injunction preventing Defendant from ever contacting a debtor in the state of Washington using an automated dialer or artificial prerecorded voice to any telephone number assigned to a cellular telephone or any service for which the party is charged for the call. 47 U.S.C. 227(b)(3)(A) and (b)(5)(A).

I.    For damages in the amount of $500 pursuant to 47 U.S.C. 227(b)(3)(B) and (b)(5)(B).

J.    For treble the above damages in the amount of $1,500 pursuant to 47 U.S.C. 227(b)(3)(C) and (b)(5)(C).

K.    For interest on the above amounts as authorized by law,

L.    For other relief as the Court deems just and equitable, and

M.    For leave to amend this complaint as needed and as required.

### XIII.   REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7, Fed. R.Civ.Proc. 38.


DATED this 28th day of August, 2008.


PLAINTIFF'S COUNSEL


DEANNA L. JOHNSON, WSBA #38926

COMPLAINT                    Page 18 of 18              WENGER & ASSOCIATES P.S.
                                                        107 N. Tower, #11
                                                        Centralia, WA 98531
                                                        Phone: 360-623-1060
                                                        Fax: 360-623-1059

# EXHIBIT "A"

P.O. Box 160758
Austin, TX 78716-0758

   

✍ **Pay online at www.paymybill.com**
☎ **Pay by phone at (866)294-0331**
Enter 0715599 as your UserID and 6464432 as your password

| DATE | REFERENCE # | TOTAL DUE | $ AMOUNT OF PAYMENT |
|------|-------------|-----------|---------------------|
| 5/8/08 | 6464432 | $575.00 | |

*Please indicate Reference # on your payment*

George Anderson     6464432
404 S. Washington Ave.
Centralia, WA 98531-2620

Paragon Way Inc.
P.O. Box 42829
Austin, TX 78704-0044

☐ Please check box if above address is incorrect
and indicate change(s) on reverse side.

◀ DETACH UPPER PORTION AND RETURN WITH PAYMENT ▶

| Reference # | Current Balance | Purchased Balance | | Original Account # |
|-------------|-----------------|-------------------|---|--------------------|
| 6464432 | $575.00 | $575.00 | | 11036*003511 |

| Description | Original Creditor | Current Creditor |
|-------------|-------------------|------------------|
| PaydayLoan | Check into Cash | Collins Receivables, LLC |

# We'll Help You Put Your Tax Rebate Check To Work!

5/8/08

Dear George Anderson,

Now that your tax rebate check will be arriving soon, you have the opportunity to take care of this account once and for all. To help you out, we're offering you a discount of $287.50 on the above-referenced account if you settle by 05/31/2008. We are under no obligation to offer this settlement offer in the future.

That's right - you will save $287.50 off the full balance owed! All you need to do is send us your payment of $287.50 along with the coupon above in the enclosed reply envelope. Or you can call us toll-free at (888) 570-5007 and an account representative will assist you in making a payment by phone. Upon receipt of your payment of $287.50, your account will be settled. We will close the account and all future collection activity regarding this account will cease.

If you cannot send in $287.50 by 05/31/2008, call us at (888) 570-5007 and an account representative will work with you to come up with a satisfactory payment arrangement.

This offer is made for the purpose of settlement only and is not an admission that any amount less than the full balance is due. If you honor the terms of your negotiated settlement, Paragon Way, Inc. agrees to settle this account for the settlement amount negotiated as outlined above. Paragon Way, Inc. also agrees to send you a release of claim and update the national credit bureaus if your account has been reported by Paragon Way, Inc.

This is a communication from a debt collector. This is an attempt to collect a consumer debt. Any information obtained will be used for that purpose.

Sincerely,
Paragon Way, Inc.

Paragon Way, Inc. 2101 W. Ben White Blvd. #103, Austin, TX 78704     Toll-Free (888) 570-5007 Local (512) 347-1496
Hours of Operation (CST): Mon.-Thur. 8:00AM-9:00PM, Fri. 8:00AM-6:00PM, Sat. 9:00AM-1:00PM
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

CTI-96