1

2

Honorable Robert J. Bryan

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**WESTERN DISTRICT OF WASHINGTON**

9

GEORGE S. ANDERSON, single man,

10

Plaintiff,

No. C08-5527-RJB

11

v.

12

PARAGON WAY, INC., a Texas

**PLAINTIFF'S MOTION AND**
**MEMORANDUM IN SUPPORT OF**

13

Corporation, and COLLINS

**PARTIAL SUMMARY JUDGMENT**

RECEIVABLES, LLC, a Texas

**ON LIABILITY UNDER THE FDCPA**

14

Corporation,

**AND FOR STATUTORY DAMAGES**

15

Defendants.

NOTED FOR HEARING: JULY 24, 2009

16

17

## I.  PROCEDURAL HISTORY

18

On September 2, 2008, Plaintiff George Anderson filed his Complaint and Demand for

19

Jury Trial with this Court, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et*

20

*seq.,* the Telephone Consumer Protection Act, 47 U.S.C. §226 *et seq.*, Washington's Consumer

21

Protection Act, RCW 19.86 *et seq.* (WCPA), and Washington's Collection Agency Act, RCW

22

19.16 *et seq.* (WCAA).  On or about December 11, 2008, Defendants collectively filed their

23

Answer.  The Defendant denied that the Fair Debt Collection Practices Act was violated.

24

Plaintiff now files this Motion for Partial Summary Judgment and this brief in support

25

thereof.

26

MOTION FOR PARTIAL SUMMARY JUDGMENT - Page 1 of 24
(NO. C08-5527-RJB)

**WENGER & ASSOCIATES, P.S.**
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

## II. STATEMENT OF FACTS

Plaintiff, George Anderson, is a "consumer" under the FDCPA and under the WCAA. The matter before these Court concerns two accounts; each is a "debt". Defendants Paragon Way and Collins Receivables are debt collectors. *See* Attachment <u>Answer</u>, at Paragraph 2.6. *See* 15 U.S.C. 1692a(5). This matter concerns an alleged obligation of Mr. Anderson to defendants Paragon Way and Collins Receivables arising out of a money transaction with two third party original creditors. Mr. Anderson obtained payday loans from Checkmate and Check Into Cash, respectively. Anderson Dec. ¶¶ 1-2. *See* 15 U.S.C. 1692a(5). Mr. Anderson's contract called for a finance charge over 300% on the payday loans. Anderson Dec. ¶¶ 1-2.

Defendant Paragon Way is a "debt collector" under the FDCPA, as averred in the Plaintiff's Complaint and as admitted in Defendant's Answer. *See* 15 U.S.C. 1692a(6). Paragon is a licensed collection agency in the State of Washington, under UBI No. 602248451. (*See* EX 1). If the person uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, they are a "debt collector" under the FDCPA and a "collection agency" under the WCAA[1]. Collins Receivables is not licensed as a collection agency in the State of Washington. Defendants' Answer admits Collins is not a licensed collection agency in the state of Washington.    DR 10 ¶ 2.10.    Notwithstanding the

---

[1] The Defendant's civil liability under Washington law arises out of the Consumer Protection Act's strict liability provisions respecting the Washington Collection Agency Act requirements. *See* RCW 19.86 et seq. and RCW 19.16 et seq. (a violation of RCW 19.16.110 and 19.16.250 are unfair and deceptive trade practices under RCW 19.86).

MOTION FOR PARTIAL SUMMARY JUDGMENT - Page **2** of **24**
(NO. C08-5527-RJB)

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

exclusion provided by clause (F) of the last sentence of 15 U.S.C. 1692a(6), the term includes any creditor who, *in the process of collecting his own debts, uses any name other than his own* which would indicate that a *third person* is collecting or attempting to collect such debts. The true name of Collins Receivables is Collins Financial Services USA, Inc. Collins sells distressed receivables and buys distressed receivables, as evidenced by the advertising on their website located at www.cfsi.net. (*See* EX 2-4). For the purpose of Section 1692f(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. Mr. Anderson was contacted via the mail and via the telephone. (*See* EX 14; and Anderson Declaration). The mail is an instrumentality of interstate commerce. The telephone, including a cellular telephone, is an instrumentality of interstate commerce.

Paragon Way is a national collection agency and subsidiary of its parent company, Collins Financial Services USA, Inc., a major purchaser of consumer debt. (*See* Exhibit 4). Further discovery will be necessary to establish the WCPA especially regarding the "entrepreneurial" aspect of the violations. *Short v. Demopolis*, 103 Wash.2d 52, 61, 691 P.2d 163 (1984).

### III.STATEMENT OF QUESTIONS PRESENTED

A.  Did the defendant's collection letter constitute the use of false, misleading or deceptive means to collect or attempt to collect a debt?

B.  Did the defendant's telephone communications constitute a misrepresentation of the right to collect and legal status of the debts?

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

C.  Did collecting and attempting to collect amounts not due to the Defendants respecting debts Plaintiff previously paid in full amount to collecting amounts not lawfully due?

D.  Is each defendant a debt collector under the FDCPA?

E.  Does the defendant's practice violate the FDCPA when the defendant does not review the case file prior to attempting to collect a debt?

F.  Is threatening to impair a consumer's credit rating in a telephone conversation to coerce payment unfair and deceptive?

G.  Are the Defendant's liable under the FDCPA?

H.  Whether the plaintiff is entitled to statutory damages of $1,000 from each Defendant.

## IV. ARGUMENT

### A.  STANDARD FOR SUMMARY JUDGMENT

The court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and then apply the relevant substantive law. [2]

### B.  FDCPA

#### 1. Strict Liability

The basis for this action is the *Fair Debt Collection Practices Act* 15 USC § 1692 *et seq.* (FDCPA).  The FDCPA is a strict liability statute which holds debt collectors responsible for any failure to follow its requirements without regard to intent, knowledge or the willfulness

---

[2] *Federal Rules of Civil Procedure 56(c)*; *Bianchi v. Walker*, 163 F.3d 564, (C.A.9 (Nev.) 1998); *Parker v. United States*, 110 F.3d 678, 681 (9th Cir.1997).

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

of the violation.[3]  "As the FDCPA is a strict liability statute, proof of one violation is sufficient

to support summary judgment for the plaintiff."[4]

In *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1005 -1006 (C.A.9

(Ariz.),2008) the court recently reaffirmed that:

> Under the FDCPA, a debt collector cannot collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The FDCPA makes debt collectors liable for violations that are not knowing or intentional. See *Clark*, 460 F.3d at 1176 & n. 11.

> The FDCPA "provides a 'narrow exception to strict liability,' i.e for bona fide errors. Id. at 1177. The statutory bona fide error defense provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted *1006 from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

> 15 U.S.C. § 1692k(c). In concluding that the FDCPA imposes strict liability, we reasoned in *Clark* that allowing a debt collector to escape liability for unintentional violations would render the bona fide error defense superfluous. 460 F.3d at 1176.

> The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof. *Fox v. Citicorp Credit Servs.*, Inc., 15 F.3d 1507, 1514 (9th Cir.1994).

A violation of the FDCPA is established if the plaintiff is a "consumer", the alleged

obligation is a "debt", the action (or inaction) complained of was by a "debt collector", and the

defendant either did something that is prohibited or failed to do something, that is required by

the FDCPA. 15 U.S.C. 1692a (3); 15 U.S.C. 1692a (5); 15 U.S.C. 1692a(6). Once a violation

---

[3]  *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir.2006); *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1005 -1006 (C.A.9 (Ariz.),2008); *Jeter v Credit Bureau Inc*, 760 F. 2d 1168 (11th Cir. 1985); *See generally* W. Page, Prosser and Keeton on the Law Torts §75 (5th ed. 1984).

[4]  *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). *See also Stojanovski v. Strobl and Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 178–79 (W.D.N.Y. 1988).

1  has been established under this strict liability standard, the burden of proving any defense to

2  liability is upon the defendant as an affirmative defense.

3      In this case, Defendants each violated 15 USC 1692e (Misrepresentation) and especially

4  1692e(2)(A)[5] and 15 USC 1692f (Unfair Practices) especially 1692f(1) in three ways; 1) first

5
6  by misrepresenting the right to collect and attempting to collect amounts not due to the

7  Defendants for debts Plaintiff previously paid in full, 2) then by collecting amounts not

8  lawfully due, and 3) then again by repeating the conduct first complained of in this sequence

9  (Checkmate twice, *see* Anderson Dec. ¶), all specifically prohibited by Federal and Washington

10  law.  Defendants knew or had reason to know that the Checkmate amount was not collectible,

11  as they sent Mr. Anderson a "Statement of Release of Claim" dated May 2, 2007.  EX. 11;

12
13  Anderson Dec. ¶18.  Defendants knew or had reason to know that the Check Into Cash amount

14  was not collectible, as they were faxed proof of payment for the Check Into Cash account on or

15  about May 1, 2007, May 9, and May 16, 2007.  Anderson Dec. ¶ 15-16, and ¶20.

16
          ### 2.  Plaintiff is a "Consumer"
17

18      Plaintiff George Anderson is a "consumer" as defined by the FDCPA. 15 U.S.C. 1692a (3);

19  DR 10, admitted in Defendants' Answer to Complaint, p. 4, § 5.5. The term "consumer" means

20  "any natural person obligated or allegedly obligated to pay any debt". 15 U.S.C. 1692a (3).

21
    **The Least Sophisticated Consumer" Standard is used to analyze FDCPA violations.**
22

23      The FDCPA states that its purpose, in part, is "to eliminate abusive debt

24

25  [5] (2)    The false representation of--
       (A)the character, amount, or legal status of any debt;
26
WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060    Fax: 360-623-1059

collection practices by debt collectors." 15 U.S.C. § 1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th cir. 1982). The FDCPA broadly prohibits unfair or unconscionable collection methods; consduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995). "[I]t limits 'debt' to consumer debt." 15 U.S.C. §§ 1692d, 1692e, and 1692f and requires the debt collector to provide the consumer with his or her rights, 15 U.S.C. § 1692g, under the Act.

The U.S. Court of Appeals for the Fourth circuit has held that whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." *United States v. National Financial Services, Inc.*, 98 F.3d 131, 135-36 (4th Cir. 1996). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). "While protective naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *United States v. National Financial Services, Inc.*, 98 F.3d at 136. *See also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Avila v.*

*Rubin,* 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter"); *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60 (2d Cir. 1993); *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir. 1993); *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991); *Jeter v. Credit Bur., Inc.,* 760 F.2d 1168 (11th Cir. 1985).

"As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas,* 775 F.Supp. 502, 505 (D. Conn. 1990). *See also Stojanovski v. Strobl and Manoogian, P.C.,* 783 F.Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174, 178-79 (W.D.N.Y. 1988). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.,* 74 F.3d at 33. *See also Bentley v. Great Lakes Collection Bureau,* 6 F.3d at 62; *Clomon v. Jackson,* 988 F.2d at 1318. Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA. *McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982).

Thus, whether the defendant violated the FDCPA must be evaluated from the standpoint of a least sophisticated consumer.

In the present matter, Mr. Anderson declares that he was misled by the Defendants' failure to include the full account number on the Check Into Cash dunning letters. Anderson Dec. ¶10-11. Mr. Anderson declares it is this exact kind of confusing communication which led him to pay Paragon Way for a debt that had already been paid

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060    Fax: 360-623-1059

off respecting Checkmate. Anderson Dec. ¶11, EX. 7. The wording of the Defendants dunning letters would lead an unsophisticated consumer, such as Mr. Anderson, to believe that he owed a different obligation. In fact, he was deceived.

In conclusion, the defendant's statements to Mr. Anderson that he owed a debt were  misleading, the defendant's communications to Mr. Anderson were confusing, and the implication that Mr. Anderson owed each of the debts was false. The "conduct" of the defendant through the misleading and false statements certainly violates the FDCPA which only requires that the false or misleading statements be analyzed from the perspective of the "least sophisticated debtor."

### 3. The Alleged Obligation was a "debt"

Mr. Anderson allegedly owed a "debt". 15 U.S.C. 1692a (5); DR 10. admitted by Defendants in Answer to Complaint p. 2, § 2.7.  The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. 1692a (5).

### 4. Each Defendant is a "debt collector"

The FDCPA is a broad statute designed to "protect consumers from a host of unfair, harassing and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." [6]

---

[6] *Blakemore v. Pekay*, 895 F.Supp. 972, 977 (N.D.Ill.1995)(quoting *Oglesby v. Rotche*, 1993 WL 460841 (N.D.Ill.1993)); *Heller v. Graf*, 488 F.Supp.2d 686 (N.D. Ill. 2007).

MOTION FOR PARTIAL SUMMARY JUDGMENT - Page 9 of 24
(NO. C08-5527-RJB)

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails ...who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. 1692a(6). The FDCPA applies to debt collectors and not "creditors" because debt collectors, unlike creditors, are not constrained in their actions by the risk that a negative reputation regarding debt collection practices might threaten their continued access to new borrowers.[7] "One who acquires a defaulted debt is a debt collector." *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir.2003)). The relevant provisions of the FDCPA apply only to the activities of a "debt collector." *See* 15 U.S.C. §§ 1692e, 1692f, 1692g. A "debt collector" is a person "who regularly collects . . . debts owed . . . another." 15 U.S.C. § 1692a(6).

The declaration of George Anderson shows that Defendants regularly engage in debt collection activities. Defendant Paragon Way admitted in its Answer that it is a debt collector, CR 10, Paragraph 2.6, page 2. The conduct of Defendants shows the Defendant Collins advertises on its website for sale and for purchase defaulted receivables (debts), in other words Collins is also a "debt collector" engaged in the business as a "debt buyer". Defendant Paragon Way is licensed as a collection agency in the State of Washington. (See Attachment No.1). Particularly troubling are the repeated attempts to collect debts from this Plaintiff after he worked so hard to prove to them the debts were paid off. This indicates that the Defendants either 1) do not have adequate procedures in place to avoid the occurrence of the misrepresentation and multiplicity of collecting debts (often referred to as "zombie debt"), or 2)

---

[7] See *Harrison v. NBD Inc.*, 968 F.Supp. 837, 841 (E.D.N.Y.1997) (citation omitted) (discussing the legislative intent behind the FDCPA); *Williams v. Citibank*, N.A., 565 F.Supp.2d 523 (S.D. N.Y. 2008)

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060    Fax: 360-623-1059

have engaged in this practice with a knowing intent to harass the plaintiff. Despite Plaintiff's efforts to communicate both via telephone and fax, the Defendants refused to acknowledge the debts were paid off through another debt collection company and refused to stop their collection efforts. In contrast, a "creditor" is a "person who offers or extends credit creating a debt," but "does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). As was noted in *Williams v. Citibank, N.A.*, 565 F.Supp.2d 523, 528 n. 6 (S.D.N.Y.2008), "[t]he FDCPA applies to debt collectors and not `creditors' because debt collectors, unlike creditors, are not constrained in their actions by the risk that a negative reputation regarding debt collection practices might threaten their continued access to new borrowers."[8] Further, a lawyer's litigation activities are regulated by the FDCPA. [9]

In the present matter, the defendant Paragon acknowledges it is a debt collector. DR 10 ¶ 2.6, page 2, line 6. Paragon acknowledges it made attempts to collect a debt. DR 10 ¶2.7, page 2, line 7. Thus, Paragon is liable to Mr. Anderson for violating the FDCPA as outlined below. Further, the Defendants phoned Mr. Anderson attempting to collect the Checkmate and Check Into Cash debts as evidenced by the incoming calls preceding toll free calls and calls made to area code "512" made on the Plaintiff's attached cellular telephone records. Anderson Dec. at ¶ 23, page 6; EX 14.

### 5. Violation of the FDCPA

### a. Unlawful misrepresentation of a Debt and right to reimbursement

---

[8] *Id.* (citing *Harrison v. NBD Inc.*, 968 F.Supp. 837, 841 (E.D.N.Y.1997) (discussing the legislative intent behind the FDCPA)).
[9] *Heintz. V. Jenkins,* 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

a. Washington enforces its Regulation of collection agencies by requiring out of state collection agencies to be licensed

Washington has enacted a comprehensive statute in regulation of collection agencies including a limitation on the collection activities of collection agencies. RCW 19.16 et seq.

RCW 19.160.250(9) specifically directs that:

> ""No licensee or employee of a licensee shall: (9) Communicate or threaten to communicate, the existence of a claim to a person other than one who might be reasonably expected to be liable on the claim in any manner other than through proper legal action, process, or proceedings...."

RCW 19.16.250(9).

RCW 19.16.250(12) unequivocally and explicitly prohibits communication with a debtor to harass or intimidate them into making payment. It provides, in pertinent part:

> "No licensee or employee of a licensee shall: (12) Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor, including but not limited to communication at an unreasonable hour, with unreasonable frequency, by threats of force or violence, by threats of criminal prosecution, and by use of offensive language. A communication shall be presumed to have been made for the purposes                  of                  harassment                  if:
> (a) It is made with a debtor or spouse in any form, manner, or place, more than three times in a single week;"

Since Mr. Anderson already paid both the debts in full, he was no longer "reasonably expected to be liable" on the claim in any manner whatsoever. The defendants communicated with the Plaintiff by contacting him on his cellular telephone more than three times per week in an attempt to collect both of these debts after the accounts were paid in full. DR 10, EX. 14, Anderson Declaration ¶ 23.

Further, Defendants threatened to impair Mr. Anderson's credit if he did not pay Paragon Way (again); therefore, he remitted payment on the Checkmate debt April 24,

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

2007, (again).  Anderson Dec. ¶ 3.  More than three contacts per week were made to Mr. Anderson's cellular telephone.  EX 14, Anderson Dec. ¶23.  The Defendants misrepresented that they or their clients were entitled to payment on both of these debts in violation of 15 USC 1692e, 15 USC 1692e(2(A); 15 USC 1692e, e(2(A).  Anderson Dec.; EX 7, EX 11, EX 13.  The Defendants used "unfair means" to collect the debt by "the collection of an amount...that was not expressly authorized by the agreement creating the debt or allowed by law in violation of 15 USC 1692f(1). EX 7; EX 11; EX 13; 15 USC 1692f(1).

RCW 19.16 is a comprehensive legislative scheme that requires collection agencies to be licensed in the State of Washington as a "collection agency" by the director of the Washington State Collection Agency Board.  *See* RCW 19.16.110.  The statute defines a collection agency as "any person 'directly or indirectly' engaged in 'soliciting' claims for collection or attempting to collect claims owed or asserted to be owed or due another person."  *See* RCW 19.16.110.  The language of this statute nearly parallels the FDCPA in defining the terms "debt collector v. collection agency" and "debt v. claim".  Since Paragon is a licensed collection agency, they will be liable under the WCAA as a debt collector misrepresenting the character, amount, and legal status of the debt in violation of the FDCPA.  It is arguable whether Collins is a collection agency, who has not obtained a license under the WCAA.  Further discovery will be necessary to determine whether Collins in fact solicits (or buys) claims for collection which it then assigns to its subsidiary, Paragon Way, to collect.  Paragon

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

may also be liable under RCW 19.16.430 for knowingly aiding and abetting the unlicensed collection activity of Collins.

### b. Washington State Rules of Statutory Construction – Plain Meaning

"The 'plain meaning' of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole."[10] If not otherwise defined by statute, the ordinary meaning includes the dictionary definition.[11]

It important with respect to this case to recall the "Congressional findings and declaration of purpose" of the FDCPA", 15 USC 1692:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
> (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

The history of this case shows the Defendants regularly misrepresented to the Plaintiff the existence of a debt which they had no legal basis to collect, misrepresented and threatened impairment of his credit rating, and in fact collected amounts not lawfully due.

### c. Unfair Practices, 15 USC 1692f

15 USC § 1692f Unfair practices [Section 808 of P.L.] states that:

---

[10] *State v. Jacobs*, 154 Wash.2d 596, 600, 115 P.3d 281 (2005) (quoting *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wash.2d 637, 645, 62 P.3d 462 (2003); *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wash.2d 1, 10-11, 43 P.3d 4 (2002)).
[11] *Campbell & Gwinn*, 146 Wash.2d at 9, 11, 43 P.3d 4; *Amalgamated Transit Union Local 587 v. State*, 142 Wash.2d 183, 11 P.3d 762, 27 P.3d 608 (2000); *Harry v. Buse Timber & Sales, Inc.*, 2009 WL 475549, 8 (Wash., 2009).

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

In the absence of an express agreement, an amount is "permitted by law" if a state statute authorizes or allows the fees or charges in question. See e.g., *Ballard v. Equifax Check Services, Inc.*, 27 F. Supp. 2d 1201, 1205 (E.D. Cal. 1998). The *FTC official commentary, 53 Fed. Reg. 50107-50108.* 15 USC § 1692f and § 1692f(1) assists in the interpretation of this section of the law:

SECTION 808--UNFAIR PRACTICES

Section 808 prohibits a debt collector from using "unfair or unconscionable means" in his debt collection activity. It provides eight examples of unfair practices.

1. *Scope.* Prohibited actions are not limited to the eight subsections listed as examples of activities that violate this provision.

2. *Elements of unfairness.* A debt collector's act in collecting a debt may be "unfair" if it causes injury to the consumer that is (1) substantial, (2) not outweighed by countervailing benefits to consumers or competition, and (3) not reasonably avoidable by the consumer.

> Section 808(1) prohibits collecting any amount unless the amount is expressly authorized by the agreement creating the debt or is permitted by law.

1. *Kinds of amounts covered.* For purposes of this section, "amount" includes not only the debt, but also any incidental charges, such as collection [*53 Fed. Reg. 50108*] charges, interest, service charges, late fees, and bad check handling charges.

2. *Legality of charges.* A debt collector may attempt to collect a fee or charge in addition to the debt if either (a) the charge is expressly provided for in the contract creating the debt and the charge is not prohibited by state law, or (B) the contract is silent but the charge is otherwise expressly permitted by state law. Conversely, **a debt collector may not collect an additional amount if either (A) state law expressly**

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

**prohibits collection of the amount** or (B) the contract does not provide for collection of the amount and state law is silent (emp added). See *Tsenes v. Trans-Continental Credit and Collection Corp.*, 892 F.Supp. 461 (E.D.N.Y. 1995) (list of §1692f violations found in the subsections are nonexhaustive, and a cause of action is provided in the prefatory language).

### d. "Debt Padding"

Defendants in this case engaged in "debt padding." Violation of 15 U.S.C. §1692f(1) by "debt padding" is perhaps the most common violation of the "unfair practice" section. This "debt padding" takes on a variety of forms. *Sandlin v. Shapiro & Fishman*, 919 F.Supp. 1564 (M.D.Fla. 1996) (payoff fee); *Teemogonwuno v. Todd, Bremer & Larsen*, 1:89 CV 2871 JTC (N.D.Ga. 1991) ($4000 "collection fee" tacked onto debt); *People ex rel. Daley v. Datacom Sys. Corp.*, 146 Ill.2d 1, 585 N.E.2d 51 (1991) (collection agency hired to collect parking fines tacked on unauthorized fees); *Cacace v. Lucas*, 775 F.Supp. 502 (D.Conn. 1990) (lawyer demanded excessive amounts); *Duran v. Credit Bureau of Yuma*, 93 F.R.D. 607 (D.Ariz. 1982) (unauthorized collection fees); *Strange v. Wexler*, 796 F.Supp. 1117 (N.D.Ill. 1992) (the imposition of attorney's fees where not contract or statute authorizes them).

Other typical violations include the imposition of service charges for dishonored checks that were not permitted by agreement and applicable state law. *Ballard v. Equifax Check Servs.*, 158 F.Supp.2d 1163 (E.D.Cal. 2001); *Irwin v. Mascott*, 112 F.Supp.2d 937 (N.D.Cal. 2000); *Ballard v. Equifax Check Services, Inc.*, 2001 U.S. Dist. LEXIS 12841 (E.D.Cal., Aug. 20, 2001), and 27 F.Supp.2d 1201 (E.D.Cal. 1998); *Ozkaya v. Telecheck Services, Inc.*, 982 F.Supp. 578 (N.D.Ill. 1997); *Ditty v. CheckRite, Ltd.*, 973 F.Supp. 1320 (D.Utah 1997); *Patzka v. Viterbo College*, 917 F.Supp. 654 (W.D.Wis. 1996); *Stewart v. Slaughter*, 165 F.R.D. 696

**WENGER & ASSOCIATES, P.S.**
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060    Fax: 360-623-1059

1  (M.D.Ga. 1996); *Newman v. CheckRite California, Inc.*, 912 F.Supp. 1354 (E.D.Cal. 1995);

2  *West v. Costen*, 558 F.Supp. 564 (W.D.Va. 1983) (unauthorized interest and collection fee);

3  *Holmes v. Telecredit*, 736 F.Supp. 1289 (D.Del. 1990) (unauthorized "service charge" on NSF

4  checks); *In re Scrimpsher*, 17 B.R. 999 (Bankr. N.D.N.Y. 1982) (same); *Clark v. Marine*

5  *Midland Bank*, 67 A.D.2d 846, 413 N.Y.S.2d 9 (1979) (same).  In addition to §1692f, debt

6
   padding also violates §1692e(2) which prohibits false or misleading representations.
7

8      Defendants admit in their Answer they received $710.00 on the Checkmate account in

9  April 2007.  DR 10 ¶ 4.11 Page 3-4.  However, $735.00 was the actual amount paid on April

10 24, 2007, by Mr. Anderson.  EX. 6; Anderson Dec. ¶ 9.  Absent proof contradicting Mr.

11 Anderson's evidence that Defendant's admission misrepresents the amount of debt actually

12
   paid by Mr. Anderson, the difference would amount to "debt padding".  For that matter,
13
   collection of any amount from Mr. Anderson in April 2007 on either of the debts would
14
15 constitute a 100% overcharge to the consumer.

16 **e. False or Misleading Representations 15 USC § 1692e.**

17     False or misleading representations [Section 807 of P.L.] provides in relevant part:

18     A debt collector may not use any false, deceptive, or misleading representation or
19     means in connection with the collection of any debt. Without limiting the general
       application of the foregoing, the following conduct is a violation of this section:
20
           (2)    The false representation of--
21                     (A)    the character, amount, or legal status of any debt;
22             or
                       (B)    any services rendered or compensation which may be
23             lawfully received
                               by any debt collector for the collection of a
24             debt.
25

26

The *FTC official commentary, 53 Fed. Reg. 50105* assists in interpretation of this section:

SECTION 807--FALSE OR MISLEADING REPRESENTATIONS

Section 807 prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." It provides sixteen examples of false or misleading representations.

1. *Scope.* Prohibited actions are not limited to the sixteen subsections listed as examples of activities that violate this provision. In addition, section 807(10), which prohibits the "use of any false representation or deceptive means" by a debt collector, is particularly broad and encompasses virtually every violation, including those not covered by the other subsections.

Section 807(2) prohibits falsely representing either "(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by" the collector.

Determinations as to whether the debt collector's conduct violates this section of the FDCPA are made from the viewpoint of the "least sophisticated consumer or debtor." *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025 (6th Cir. 1992); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Jeter v. Credit Bur., Inc.*, 760 F.2d 1168 (11th Cir. 1985); see  *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The Court must look not to the most sophisticated recipients of the debt collector's communication but to the least. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982). *See also Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

The Second Circuit followed these decisions and held: "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). In this case, even the shrewd would be fooled by the false affidavits sworn under oath.

### f. Directly or Indirectly Attempt To Collect

The Ninth Circuit has stated, "FDCPA proscribes abusive collection practices by 'any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1262 (9th Cir. 1996) (holding that the FDCPA applied to a student loan guaranty agency).

The defendants misrepresented the debt both directly and indirectly to the debtor. Defendants prepared and mailed dunning letters to the Plaintiff demanding payment for debts which Plaintiff had already paid in full. This is prohibited by Washington law as well as the FDCPA. The defendants' letter concerning the Check Into Cash debt of May 8, 2008, demanded payment after the Plaintiff faxed proof of payment on the claim to the Defendants nearly a year earlier in May 2007. *See* Anderson Dec. ¶¶ 11-16; EX. 8; EX 9; EX 10. These actions are certainly direct attempts to collect the debt.

The Fair Debt Collection Practices Act states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section;
>
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

In *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985), the Eleventh Circuit stated that violations of this section of the Fair Debt Collection Practices Act must be evaluated from the perspective of the least sophisticated consumer. [12] Defendant's communications sent in the form of collection letters to the Plaintiff speak for themselves, as admitted throughout Defendants' Answer. It specifically states "we have received notice of your claim of dispute on the above=referenced account and we have suspended collection activity while we conduct our investigation."    Anderson Dec. ¶10, EX. 7. The letter states, "In order to finalize our investigation you will need to supply one of the two following documents (lists documents provided herein as Exhibits 8, 10, 12. *See* Anderson Dec. ¶12, ¶16, and 19, *respectively*.

Thus, there can be no dispute of facts regarding the collection letters mailed to and received by the Defendant in the underlying matter. This communication leads the Plaintiff to believe something that is not true. This communication by the defendant was both misleading and deceptive.   In fact, the deception was so egregious, since the Defendants had already mailed an <u>Statement Acknowledging payment of the debt</u>.

## V. PLAINTIFF'S REQUEST

**The Plaintiff requests Statutory Damages of $2,000, joint and several liability on the FDCPA issues before this Court and reserves further determination of damages for Jury.**

By this motion, the Plaintiff seeks only an award of partial summary judgment with regard to the Defendant's liability for violations of the Fair Debt Collection Practices Act, and for

---

[2] *See also Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60 (2d Cir. 1993); *Clomon v. Jackson,* 998 F.2d 1314 (2d Cir. 1993); *Smith v. Transworld Systems. Inc..* 953 F.2d 1025 (6th Cir. 1992); *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991); *Jeter v. Credit Bur., Inc..* 760 F.2d 1168 (11th Cir. 1985).

**WENGER & ASSOCIATES, P.S.**
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060    Fax: 360-623-1059

$1,000 in statutory damage from each defendant. 15 U.S.C. § 1692k(A)(2)(a). This provision permits courts to award any person affected by noncompliance with the Act statutory damages of up to $1,000 from "any debt collector who fails to comply". There are two guiding principles that this Court should consider in awarding up to the limit of $1,000 in statutory damages. First, Congress intended private actions to be the primary enforcement action of the FDCPA, stating that "The committee views this legislation as primarily self-enforcing; consumers who have been subject to collection abuses will be enforcing compliance." S. Rep. No. 382, 95th Cong., 1st Sess. 5, *reprinted in* 19977 U.S.C.C.A.N. 1695, 1696 and Appx. A.3. *See FTC v. Shaffner*, 626 F.2d 32 (7th Cir. 1980). Second, Congress viewed existing remedies for debt collection abuses as inadequate. 15 U.S.C. § 1692(b).

Further, in determining these statutory damages, the court must consider the intent, frequency, persistence, and nature of noncompliance. 15 U.S.C. § 1692k(b)(1). Briefly, the frequency of the violation has been shown through documentation of the Plaintiff's home and cellular telephone logs. EX. 14; Anderson Dec. ¶23). The persistence of the defendant is already shown by both his defense of this matter, the cellular telephone records of the Plaintiff, as well as Defendants' own correspondence. Finally, the nature of noncompliance is such that the Defendants' actions undermine the intent of the Washington State legislature to provide protections to consumers against unlawful collection activities of debtors (*See* RCW 19.16 *et. seq.*) and from unfair and deceptive acts or practices in the conduct of any trade or commerce (*See* RCW 19.86 *et. seq.*).

The determination of non-statutory damages, as requested in the Complaint, is reserved

for trial by jury. *Sibley v. Fulton DeKalb Collection Services,* 677 F.2d 830 (11th Cir. 1982). *See also Smith v. Law Offices of Mitchell N. Kay,* 124 B.R. 182 (D. Del. 1991).    After    the determination of liability and damages, Plaintiff will seek an award of attorney's fees pursuant to the Fair Debt Collection Practices Act. 15 U.S.C. § 1692k(a)(3). "Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fee..." *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d at 28. *See also Graziano v. Harrison,* 950 F.2d at 113.

In conclusion, the frequency, persistence, and nature of the defendants' actions which undermine the intent of the Washington State Legislature, dictate that the maximum statutory damages of $1,000 be awarded to Anderson from each defendant.

## VI. CONCLUSION

The dunning letter and Statement of Release of Claim were prepared by Defendants in the regular course of their business in collecting debts. DR 10 ¶4.5, p. 3, lines 9-11; DR 10 ¶4.11, p. 3-4; RCW 19.16.100(2). The current creditor, Defendant Collins, was not licensed as required by law. DR 10 ¶2.10, p.2, line 11. Attempts to collect the debts after they have been satisfied are prohibited by law. The attempt to collect amount prohibited by law violates the FDCPA 15 USC 1692f(1); *FTC official commentary, 53 Fed. Reg. 50107-50108; 155 USC 1692e(2)(B).* Defendant solicited the collection of debt on two basis that are not allowed by law and are not even arguable.

The defendant's communications, dated May 7, 2007, and May 8, 2008, violated the Fair Debt Collection Practices Act by (1) failing to effectively convey the validation notice, (2)

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

threatening legal action, and other actions, when the debt was not lawfully collectible, (3) using false and misleading statements in communications to attempt to collect debts which were not owed and in the spirit of denying Mr. Anderson the protections allowed by RCW 19.86, and (4) falsely implying that the defendant had reviewed the documents.    Applying the least sophisticated consumer standard of analysis, partial summary judgment as to liability of the defendant and for the award of $1,000 in statutory damages to be paid by each defendant, for a total of $2,000 should be awarded in favor of the Plaintiff for those violations.    Plaintiff requests that further damages with respect to the Telephone Consumer Protection Act, Washington Collection Agency Act, Washington Consumer Protection Act, and for emotional distress caused by the Defendants' harassment of the Plaintiff be reserved for a jury, and that this trial court make a later determination on attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3)..  The Plaintiff requests such other and further relief as this court deems just and equitable, including the payment of attorneys fees associated with the bringing of this Motion as provided under State and Federal statutory law.

DATED this 2nd day of July, 2009.

WENGER & ASSOCIATES P.S.

By____/s/ Deanna L. Johnson_____
     Deanna L. Johnson, WSBA No. 38926
     Attorney for Plaintiff, George Anderson

WENGER & ASSOCIATES, P.S.
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to:

R. Broh Landsman; broh@LF-law.com

I certify that on July 2, 2009, I mailed a true and correct copy of the foregoing to the

following CM/ECF participant:

R. Broh Landsman
1000 2nd Ave Ste 3000
Seattle, WA  98104-1093

Signed at Centralia, Washington on July 2, 2009.

By___ /s/ Deanna L. Johnson_____
Deanna L. Johnson, WSBA No. 38926
Attorney for Plaintiff, George Anderson

**WENGER & ASSOCIATES, P.S.**
107 N. Tower, #11, Centralia, WA 98531
Phone: 360-623-1060   Fax: 360-623-1059