1
2
3
4
5
6
7
8

Honorable Robert J. Bryan

9
10

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

11
12
13
14
15
16
17

| | |
|---|---|
| GEORGE S. ANDERSON, single man,<br><br>Plaintiff,<br><br>v.<br><br>PARAGON WAY, INC., a Texas Corporation, and COLLINS RECEIVABLES, LLC, a Texas Corporation,<br><br>Defendants. | No. C08-5527-RJB<br><br>DECLARATION OF PLAINTIFF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT. |

18      I am the Plaintiff, GEORGE ANDERSON, in the above-entitled action. I am over the

19 age of 18, am competent to testify to the matters set forth below and I have personal knowledge

20 of those matters.

21      I have submitted the facts in the Plaintiff's Motion for Summary Judgment and I stand by

22 those facts. I request the court enter an order on Summary Judgment against each named

23 Defendant, jointly and severally.

24

25

DECLARATION OF PLAINTIFF IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

Page 1 of 8

**MARLENE K. WENGER**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

1. At some time in 2004 I obtained a payday loan from Check Into Cash, account number xxxx-xxxxxx-xx5591, for which I a finance charge over 300% was assessed.

2. On another occasion in 2004, I obtained a payday loan from Checkmate, account number xxxx-xxx2350, for which a finance charge of over 300% was assessed.

3. At all times during conversations with Paragon Way, they threatened to impair my credit rating if the debts were not paid. There has been a negative credit reporting made on my consumer credit report concerning this debt.

4. Attached as Exhibit Number 1 is a true and correct copy of the business registration for Paragon Way obtained from the Washington Department of Revenue online business records database as of June 2, 2009.

5. Attached as Exhibit Number 2 is a true and correct copy of the website for Defendant Collins, showing their true name as Collins Financial Services, USA, Inc.

6. Attached as Exhibit Number 3 is a true and correct copy of the website page where Defendant solicits the sale of "distressed receivables" and "charged-off consumer receivables for...pay day loans...."

7. Attached as Exhibit Number 4 is a true and correct copy of the website page where Defendant solicits the purchase of distressed receivables and "charged-off receivables".

8. Ultimately, the Check Into Cash account was allegedly turned over to Riscuity, whom I paid on June 27, 2006, via check by phone, in the amount of $621.00. The Checkmate debt was turned over to NCO Financial, whom I paid on June 27, 2006, via check by phone, in the amount of $715.00. Attached as Exhibit Number 5 is a true and correct

DECLARATION OF PLAINTIFF IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

**MARLENE K. WENGER**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

copy of my online bank records from Washington Mutual Bank evidencing the payments

of both of these debts having cleared my checking account on June 28, 2006.

9.  On or about April 24, 2007, I made a payment in the amount of $735.00 to Paragon Way

on Checkmate account number ending 2350 via "Its Pay My Bill" at

www.paymybill.com, the subscription service utilized by Paragon Way for the collection

of payments.  Attached as Exhibit number 6 is a true and correct copy of my online

checking account history showing the payment of $735.00 cleared my account on April

24, 2007.  This was done after phone calls were made to my cellular telephone for

collection by Paragon Way, whose employees threatened impairment of my credit rating.

10. Attached as Exhibit number 7 is a true and correct copy of a letter I received in the mail

from the Defendants dated June 19, 2007, which states "Pay online at

www.paymybill.com".  This letter only provides the first eleven digits of my 17-digit

Check Into Cash Account number.  Therefore, I was unable to determine which Check

Into Cash account the letter referenced or whether the debt was actually due.

11. I was confused and misled by the fact that the whole account number was not provided in

the Defendants' correspondence and I didn't want a negative credit rating, so I made the

April 2007 payment to Paragon Way, constituting the second time I paid the amount

alleged due and owing on the Checkmate debt.  I was so upset when I received Paragon's

letter dated June19, 2007, after investigating the circumstances and previously faxing

verification that both debts were paid as described below, that I tore the letter in half.  I

later taped the letter back together and gave it to my attorney.

DECLARATION OF PLAINTIFF IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

**MARLENE K. WENGER**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

12. Attached as Exhibit Number 8 is a true and correct copy of the transaction history I obtained personally from Washington Mutual Bank on April 30, 2007. This was faxed to Defendants on or about May 1, 2007, and evidences that the payments on both debts in fact cleared my account on June 28, 2006. The handwriting to the left is (512) 615-1920, the telephone number to which I faxed this document on or about May 1, 2007.

13. I spoke with Richelle Woods at Paragon on or about May 1, 2007, to communicate to her that I paid Paragon on both the Checkmate and Check Into Cash already through another debt collector. Richelle told me to fax proof from those other companies that the debt had already been paid.

14. I spoke with Ms. Wardon at Riscuity on or about May 1, 2007, to obtain a payoff letter evidencing the fact that I paid the Check Into Cash account number ending 5591. I was told by Ms. Wardon at Riscuity to fax the pay letter to John Evans at AIS Services at 1-858-650-0465.

15. Attached as Exhibit number 9 is a true and correct copy of the payoff letter Ms. Wardon of Riscuity faxed to me on May 16, 2007. Later that day, I spoke with Richelle Woods of Paragon Way again at 1-866-580-3260, extension 5134, concerning the fact I paid the Checkmate Debt a second time after it was already paid off and to get reimbursement. Ms. Woods told me to fax the pay letter from the other company [NCO or AIS Services] to Paragon's fax number at (512) 615-1920 concerning the Check Into Cash and Checkmate accounts and then to call her back to get reimbursed. Ms. Woods gave me Reference number 6210825

DECLARATION OF PLAINTIFF IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

**MARLENE K. WENGER**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

Page 4 of 8

16. Attached as Exhibit number 10 is a true and correct copy of the letter I faxed to the Defendants at 512-615-1920 on or about May 16, 2007. I called to confirm receipt of this fax and an unnamed representative of Paragon gave me reference number 6464432.

17. Some date after May 1, 2007, Tina Carter of Paragon Way called me, and provided a phone number of 1-866-580-3260, extension 5070, regarding the Check Into Cash debt and the Checkmate debt. I informed her that I already paid these off. She gave me reference number 6464432 concerning my payment in full of the Check Into Cash Debt.

18. On or about May 7, 2007, I received a document titled "Statement of Release of Claim" from Paragon Way, Inc. which was dated May 2, 2007. A true and correct copy of this document is attached as Exhibit number 11. This document shows that I paid Paragon Way the outstanding balance previously due to Collins Financial Services, Inc. (the then-"current creditor") which Paragon and Collins alleged due the named "original creditor" (Checkmate) on account number xxxx-xx2350. That I spoke with Paragon's representative, Richelle Woods about this matter, and she provided me with the following confirmation number V5HA0F5528C6 and another number of 6210825.

19. On or about May 9, 2007, I received a document dated May 4, 2007, from NCO Financial Sysetms, Inc., referencing the same Checkmate Account number xxxx-xxx2350. A true and correct copy of this letter is attached as Exhibit Number 12. This document indicates that the account "has been paid in full".

20. On or about May 9, 2007, I affixed a post-it note containing my handwriting and faxed the document evidencing the payment of my Checkmate account ending in 2350 to

DECLARATION OF PLAINTIFF IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

**MARLENE K. WENGER**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

Page 5 of 8

Richelle Woods of Paragon Way. EX 12. The post-it note asks that Paragon "please call me to let me know you [Paragon] received this. George".

21. Then, Paragon Way called me attempting to collect the Checkmate debt again. I told them I already faxed them documentation that the debt was paid off. Again, I faxed Exhibits 8, 9, and 12 , to (512) 615-1920 and (512) 347-8010. I then called Richelle Woods of Paragon Way at 1-866-638-1876 at approximately 12:00pm on a Tuesday to verify that she received the document.

22. Attached as Exhibit number 13 is a true and correct copy of the last correspondence I received from the Defendants, dated May 8, 2008, wherein the Defendants attempted collection of my Check Into Cash account for the second time too.

23. The defendants continued trying to collect these debts from me, by calling my cellular telephone numbers and by sending dunning letters like the one attached as Exhibits numbered 7 and 13. Attached as Exhibit 14 is a true and correct copy of my cellular phone call records evidencing incoming calls and outgoing calls to and from the Defendants. I have more than one cellular telephone number; therefore, the records reference two different telephone numbers under my account. Generally, my cellular phone records do not record the number of incoming calls. I certify herein that my phone calls made to the Defendants were made in response to a phone call initiated by the defendants earlier in time.

24. When I realized I paid the Checkmate debt twice, and the Defendants refused to acknowledge my supporting documentation as evidence that both the Checkmate and Check Into Cash accounts were paid in full, I became very frustrated and angry. My

DECLARATION OF PLAINTIFF IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

**MARLENE K. WENGER**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

patience grew thinner with each subsequent contact. I was utterly shocked that they would try to collect from me in May 2008 for a second time on the Check Into Cash account and a third time on the Checkmate accounts I had already paid. I thought this matter was dealt with and that I would no longer hear from either of the Defendants regarding either of the matters again.

25. The whole process of trying to communicate to Paragon that I paid off the debts was very frustrating, drained me of energy, and left me feeling hopeless to do anything about these debt collectors collecting the same debt more than once. I felt as if I was deceived, robbed of my hard earned money, and like the problem would never go away no matter how many times I paid the debts.

26. I received multiple phone calls to my cellular telephone from Paragon and Collins. I had multiple conversations with representatives of Paragon Way and Collins Receivables, particularly Richelle Woods.

27. I sent multiple faxes of the same documentation proving this debt was paid off.

28. I made multiple phone calls to the credit reporting agencies trying to clear this off my credit report.

29. Finally, I felt left with no other option than to hire an attorney to try to stop the continuous phone calls and collection attempts of Paragon and Collins regarding these debts which I had previously paid off in full (Check Into Cash was paid to Paragon in error twice already).

DECLARATION OF PLAINTIFF IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

**MARLENE K. WENGER**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**

30. As a result of these collection efforts, I have suffered a great deal of anxiety, sleeplessness, headaches and fear that this matter will not stop. I believe this mental anguish exacerbates my physical pain as well as my emotional well-being.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this **2nd** day of July, 2009.

GEORGE S. ANDERSON, Plaintiff

DECLARATION OF PLAINTIFF IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT

Page 8 of 8

**MARLENE K. WENGER**
**107 N. Tower, #11**
**Centralia, WA 98531**
**Phone: 360-623-1060**
**Fax: 360-623-1059**